**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


STACEY M. PETERSON,

      Petitioner,

-vs-                                     Case No.  8:06-CV-664-T-30TGW

JAMES R. McDONOUGH, et al.,

      Respondents.

_____/

**ORDER**

      This matter is before the Court on *pro se* Petitioner's request for federal habeas relief

filed pursuant to 28 U.S.C. § 2254 (Dkt. 1).   The Court has undertaken a preliminary

examination of the petition in accord with Rule 4 of the Rules Governing Section 2254 Cases

in the United States District Courts (2005).  Having done so, the Court concludes that the

petition is due to be summarily dismissed as time barred under the provisions of 28 U.S.C.

§ 2244(d).  *See Jackson v. Sec. for the Dep't. of Corrs.*, 292 F.3d 1347, 1349 (11th Cir.

2002).

      State prisoners whose convictions became final after April 24, 1996, the effective date

of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), have one year from

the latest of any of four events to file a § 2254 petition: (1) the date on which the conviction

became final; (2) the date on which any state-imposed impediment to filing the petition is

removed; (3) the date on which the constitutional right asserted was initially recognized by

the Supreme Court and made retroactively applicable to cases on collateral review; or (4)

the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Petitioner is challenging the revocation of probation order entered by the Twelfth Judicial Circuit Court, Manatee County, Florida, on May 14, 2002, on the charge of dealing in stolen property, Case No. 2000-CF-53, and charges of engaging in a scheme to defraud, grand theft, and dealing in stolen property, Case No. 2000-CF-1013(C).  On July 2, 2001, Petitioner was charged with driving while his license was suspended and driving with no motor vehicle registration in Case No. 2001-CV-1645A.[1]  The vehicle registration charge was not prosecuted.

Petitioner was, however, charged on July 23, 2001, with violating four of the conditions of his probation, to wit, (1) failing to report for the month of June 2001 (Condition 2); (2) changing his residence without permission (Condition 4); (3) failing to follow probation officer's instructions to contact him (Condition 10), and (4) new law violations[2] (two) (Condition 5).  On February 20, 2002, Petitioner was found guilty of failing to report for the month of June and committing new law violations. Petitioner was sentenced on May 14, 2002, to a term of 11 years on the 2000 cases and to a concurrent term of 5 years on the 2001 case.  Rather than file a direct appeal, Petitioner filed a *pro se* Motion to Withdraw Pleas on June 12, 2002. Assuming, without deciding, that Petitioner's motion to withdraw his pleas tolled the period for filing a direct appeal, *see Colbert v. Head,* 146 Fed.Appx. 340, 342 (11th Cir. 2005), Petitioner's one-year limitation commenced to run on August 28, 2002,

---

[1]The Court takes judicial notice of information available on the Court House Information Processing System maintained by the Clerk of the Circuit Court, Manatee County, Florida, http://www.clerkofcourts.com, viewed on October 20, 2006.  *See* Fed. R. Evid. 201.

[2]Petitioner entered a plea of nolo contendere on March 14, 2002, to charges of driving while his license was suspended in Case No. 2001-CF-1645A.

when the time for filing an appeal of the judgment of conviction expired. *See Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988). Absent tolling by a "properly filed" application for state post-conviction relief, Petitioner had until August 29, 2003, to file a timely petition for federal habeas relief.  On June 13, 2003, the limitation period was tolled when Petitioner submitted an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850.  The trial court denied the rule 3.850 motion on August 21, 2004. When the state appellate court entered its mandate affirming the trial court's decision on April 26, 2005, the limitation period recommenced to run with 76 days remaining unexpired (365 days - 289 days = 76 days). Thus, in order to be timely, Petitioner's § 2254 petition had to be filed on or before July 11, 2005.

Petitioner filed a petition for federal habeas relief on May 23, 2005, Case No. 8:05-CV-972-T-30EAJ. After discovering "inconsistencies" in the petition, Petitioner queried the Court regarding methods to cure the perceived deficiency. The Court entered an order informing Petitioner that he could proceed on the petition as filed, file an amended petition, or file a motion for voluntary dismissal of the petition.  Petitioner was cautioned that the limitation period was not tolled during the time in which his § 2254 petition was pending, *see Duncan v. Walker*, 533 U.S. 167, 172 (2001), and advised that any subsequently filed habeas petition challenging the same conviction might be barred by the limitation period, *see* Case No. 8:05-CV-972-T-30EAJ, Dkt. 8 at 2. Petitioner nonetheless filed a request to voluntarily dismiss his petition on September 8, 2005, stating that he wanted to return to state court to exhaust a claim which had not yet been raised, *see id.*, Dkt. 9.  The motion was granted on September 19, 2005, and the petition was dismissed without prejudice, with

Petitioner being cautioned again that the dismissal without prejudice did not excuse him from compliance with the limitation period.  *Id.*, Dkt. 10.

Petitioner delayed 121 days before seeking collateral relief in the state court on January 18, 2006, when he filed a request to file a belated appeal.  *See* Dkt. 1, Attach. (unnumbered), Habeas Petition Seeking a Belated Appeal.  The petition was denied as untimely on March 1, 2006.  *See Peterson v. State*, Case No. 2D06-280 (Fla. 2d DCA 2006). Petitioner filed a motion for rehearing, which was denied on March 21, 2006.  Petitioner filed the instant motion on April 12, 2006.

Thus, it appears that the petition for federal habeas relief is time-barred under 28 U.S.C. § 2244(d)'s one-year limitation provision unless Petitioner demonstrates that he is entitled to equitable tolling of the limitation period. Petitioner bears the  burden of showing that equitable tolling is warranted.  *Drew v. Dep't. of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002). *See Day v. McDonough,* __ U.S. __, 126 S.Ct. 1675, 1684 (April 25, 2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the petitioner fair notice and an opportunity to present his position).

ACCORDINGLY, the Court **ORDERS** that Petitioner shall, within **TWENTY (20) DAYS** hereof, show cause why this petition should not be dismissed as time barred under 28 U.S.C. § 2244(d).  Failure to respond within the allotted time shall result in dismissal without further notice.

**DONE** and **ORDERED** in Tampa, Florida on October 23, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Pro se* Petitioner
SA:jsh

-4-