UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STACEY M. PETERSON,

    Petitioner,

-vs-                                            Case No. 8:06-CV-664-T-30TGW

JAMES R. McDONOUGH, et al.,

    Respondents.
_____/

## ORDER

This matter is before the Court on *pro se* Petitioner's request for federal habeas relief filed pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner is challenging the revocation of probation order entered by the Twelfth Judicial Circuit Court, Manatee County, Florida, on May 14, 2002.

Having undertaken an examination of the petition in accord with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (2006), the Court concludes that the petition is due to be summarily dismissed as time barred under the provisions of 28 U.S.C. § 2244(d).[1] *See Jackson v. Sec. for the Dep't. of Corrs.*, 292 F.3d 1347, 1349 (11th Cir. 2002). An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a).

**Discussion**

---

[1] *See Day v. McDonough,* __ U.S. __, 126 S.Ct. 1675, 1684 (April 25, 2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions). In the instant case, Petitioner presented his position on the issue of timeliness in his response to the order to show cause entered by the Court on October 23, 2006 petition (Dkt. 10).

State prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), have one year from the latest of any of four events to file a § 2254 petition: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

On July 2, 2001, Petitioner was charged with driving while his license was suspended and driving with no motor vehicle registration in Case No. 2001-CV-1645A.[2] When he was arrested, Petitioner was on probation for multiple convictions entered in 2000. Petitioner was charged on July 23, 2001, with violating four of the conditions of his probation, to wit, (1) failing to report for the month of June 2001 (Condition 2); (2) changing his residence without permission (Condition 4); (3) failing to follow the probation officer's instructions to contact him (Condition 10), and (4) engaging in unlawful conduct[3] (two) (Condition 5). On February 20, 2002, Petitioner was found guilty of violating Conditions 2 and 5. He was sentenced on May 14, 2002, to serve a term of 11 years each on the 2000 convictions for dealing in stolen property, Case No. 2000-CF-54, and engaging in a scheme to defraud and dealing in stolen

---

[2]The Court takes judicial notice of information available on the Court House Information Processing System maintained by the Clerk of the Circuit Court, Manatee County, Florida, http://www.clerkofcourts.com, viewed on October 20, 2006.  *See* Fed. R. Evid. 201.

[3]Petitioner entered a plea of nolo contendere on March 14, 2002, to the charge of driving while his license was suspended in Case No. 2001-CF-1645A. The vehicle registration charge was not prosecuted.

property and a term of 5 years for a grand theft conviction, Case No. 2000-CF-1013(C), with the sentences to run concurrently. Rather than file a direct appeal, Petitioner filed a *pro se* Motion to Withdraw Pleas on June 12, 2002. Since Petitioner's motion to withdraw his plea, filed pursuant to Fla. R. Criminal. P. 3.170(l), tolled the time for filing a notice of appeal under Florida law, *see Eulo v. State*, 786 So.2d 43, 44 (4th DCA 2001), the one-year limitation period for filing a petition for federal habeas relief commenced to run 30 days after the motion was summarily denied on July 29, 2002.[4] *See Colbert v. Head,* 146 Fed.Appx. 340, 342 (11th Cir. 2005); *Bridges v. Johnson*, 284 F.3d 1201, 1202-03 (11th Cir. 2002) (holding that judgment and sentence become final on date time for seeking direct review in state court expires); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988). Absent tolling by a "properly filed" application for state post-conviction relief, Petitioner had until August 28, 2003, to file a timely petition for federal habeas relief.

On June 13, 2003, the limitation period was tolled when Petitioner submitted an application for state post-conviction relief pursuant to Fla. R. Criminal. P. 3.850. The trial court denied the Rule 3.850 motion on August 21, 2004. When the state appellate court entered its mandate affirming the trial court's decision on April 26 2005, the limitations period recommenced to run with 76 days remaining unexpired (365 days - 289 days = 76 days). Thus, in order to be timely, Petitioner's § 2254 petition had to be filed on or before July 11, 2005.

---

[4]The Motion to Mitigate Sentence Petitioner filed on August 5, 2002, did not toll the time for filing a direct appeal under the rules governing criminal proceedings in Florida courts.  *See* Rule 3.800(c) (establishing procedure by which a defendant may file a request that the trial court exercise its discretionary power to mitigate a legal sentence; motions filed under Rule 3.800(c) do not challenge the validity of the judgment or conviction).

Petitioner filed a petition for federal habeas relief on May 23, 2005, Case No. 8:05-CV-972-T-30EAJ. After discovering "inconsistencies" in the petition, Petitioner queried the Court regarding methods to cure the perceived deficiency. The Court entered an order informing Petitioner that he could proceed on the petition as filed, file an amended petition, or file a motion for voluntary dismissal of the petition.  Petitioner was cautioned that the limitation period was not tolled during the time in which his § 2254 petition was pending, *see Duncan v. Walker*, 533 U.S. 167, 172 (2001), and advised that any subsequently filed habeas petition challenging the same conviction might be barred by the limitation period, *see* Case No. 8:05-CV-972-T-30EAJ, Dkt. 8 at 2. Stating that he wanted to return to state court to exhaust a claim which had not yet been raised, Petitioner filed a request to voluntarily dismiss his petition on September 8, 2005, *see id.*, Dkt. 9.  The motion was granted on September 19, 2005, and the petition was dismissed without prejudice, with Petitioner being cautioned again that a dismissal without prejudice did not excuse noncompliance with the limitation period. *Id.*, Dkt. 10.

Nonetheless, Petitioner delayed 121 days before seeking collateral relief in the state court on January 18, 2006, when he filed a request to file a belated appeal. *See* Dkt. 1, Attach. (unnumbered), Habeas Petition Seeking a Belated Appeal.  The petition was denied as untimely on March 1, 2006.  *See Peterson v. State*, Case No. 2D06-280 (Fla. 2d DCA 2006).  Petitioner filed a motion for rehearing, which was denied on March 21, 2006. Petitioner filed the instant motion on April 12, 2006.

Once AEDPA's limitations period expires, it cannot be reinitiated.  Thus, none of Petitioner's filings after July 11, 2005, had any tolling effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Petitioner argues that he should be allowed to proceed despite the untimeliness of his petition pursuant to 28 U.S.C. § 2244(d)(1)(B) because the trial court failed "to provide [him] with a written order signed by the . . . judge informing him of his right to appeal his order within thirty (30) days" (Dkt. 10 at 2). Petitioner contends that the trial court's failure to advise him of his constitutional right to appeal constitutes a state created impediment which prevented him from filing a timely petition. While the Eleventh Circuit has not defined what constitutes an "impediment" for purposes of § 2244(d)(1)(B),[5] the plain language of the statue makes clear that the "State action" must *prevent* a prisoner from filing his *federal habeas petition*.  The failure of the trial court to advise Petitioner of his right to appeal did not, of itself, prevent Petitioner from filing a timely § 2254 petition. Thus, the petition for federal habeas relief is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitations provision unless Petitioner demonstrates that he is entitled to equitable tolling of the limitations period.

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.' " *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). Petitioner bears the  burden of

---

[5] "The limitation period shall run from the latest of – (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  28 U.S.C. § 2244 (d)(1)(B).

showing that equitable tolling is warranted. *Drew v. Dep't. of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

In his reply to the order to show cause, Petitioner asserts as follows:

> [I]immediately after the plea and sentence, [Petitioner] asked counsel to file a notice of appeal to contest his sentence and his conviction. When Petitioner found out that counsel failed to honor his timely request, he immediately filed a motion in the trial court to withdraw his plea. . . . .
>
> Petitioner Peterson assert[s] if counsel had honored his timely request the appellate court would have granted his relief and allowed him to withdraw his guilty plea. Therefore, this failure constituted *per se* ineffective assistance of counsel.

Dkt. 10 at 3. To the extent that the foregoing argument may be read to assert cause for Petitioner's untimeliness, for reasons set forth *infra*, the Court finds that Petitioner's allegations of ineffective assistance of counsel are not sufficient cause to excuse his procedural default.

Ineffective assistance of counsel may satisfy the cause requirement, *see Murray v. Carrier*, 477 U.S. 478, 485 (1986), however, "attorney error short of ineffective assistance of counsel, . . . does not constitute cause and will not excuse a procedural default." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Thus, to satisfy the cause exception to a procedural bar "the claim of ineffective assistance must have merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (citing *Greene v. United States*, 880 F.2d 1299, 1305(11th Cir. 1989)).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's

representation was deficient, *i.e.*, "fell below an objective standard of reasonableness;" and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88. *See also Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Williams v. Taylor*, 529 U.S. 362 (2000).

When the *Strickland* standards are applied to ineffective assistance of counsel claims, those claims will fail if the petitioner cannot establish either of *Strickland*'s two grounds. *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) (citing *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.")). Accordingly, even if trial counsel's performance was not objectively reasonable, unless Petitioner can show that counsel's performance prejudiced his appeal, he cannot prevail. *See Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) (*Strickland*'s prejudice prong requires a showing "that, but for counsel's deficient failure to consult with him about an appeal, [the petitioner] would have timely appealed.").

As discussed above, Petitioner was sentenced on May 14, 2002, and he filed the motion to withdraw his plea on Wednesday, June 12, 2002. The Court concludes that Petitioner cannot demonstrate prejudice in this case. As he acknowledges, Petitioner knew of the right to file an appeal and that trial counsel had not filed a notice of appeal on his behalf, yet rather than do so himself, he decided to proceed by filing a *pro se* motion to withdraw his plea. Having failed to satisfy the second prong of the *Strickland* test, Petitioner's ineffective assistance of counsel claim fails.

Petitioner does not otherwise assert that extraordinary circumstances that were both beyond his control and unavoidable even with diligence prevented him from filing a timely petition. He has, therefore, failed to establish the essential elements for the imposition of equitable tolling.

In Ground Two of his Petition, Petitioner argues that his trial counsel was ineffective for failing to call witnesses to testify that "no violation had occurred" and failing "to secure the probation sign-in log to counteract the V.O.P. allegation that Petitioner didn't sign in or report" during June 2001. Assuming, without deciding, that an "actual innocence" exception to the limitations period exists, the Court has reviewed this claim in light of the actual innocent exception set out in *Wainwright v. Sykes* and determined that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995). To establish this requisite probability, Petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* In this context, Petitioner must demonstrate that he has newly discovered evidence that was not presented at trial which would establish factual innocence rather than mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). Having considered Petitioner's arguments in support of Ground Two and reviewed the materials he submits in support of the petition, the Court concludes that Petitioner has not demonstrated that "new" evidence of factual innocence

exists that was not available at trial. To the contrary, the basis of Petitioner's claim in Ground Two is that the evidence was available and trial counsel was ineffective for failing to present it. Thus, Petitioner cannot demonstrate a colorable claim of actual innocence. *Schlup v. Delo,* 513 U.S. at 327.

## Conclusion

Reading Petitioner's petition in a liberal fashion, given this chronology of events, the Court finds that the § 2254 petition for habeas corpus relief is due to be denied because Petitioner failed to file his petition within the requisite one-year period of limitation. *See* 28 U.S.C. §2244(d). Because the petition is procedurally barred by AEDPA's one-year limitation period, a response from the Respondents is not required. The deficiency in the petition cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED**.
2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 9, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Pro se* Petitioner

SA:jsh